**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JONATHAN NILVERT,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1133-D |

**ORDER**

*Pro se* Petitioner Jonathan Nilvert filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Haiti who entered the United States on July 17, 2017. [Doc. No. 7, at p. 1]. On March 7, 2026, Petitioner was arrested by the Oklahoma Highway Patrol for overstaying his visa. [Doc. No. 1, at p. 2], [Doc. No. 7, at p. 2]. On March 9, 2026, United States Immigration and Customs Enforcement ("ICE") served Petitioner with a warrant and received custody of him. [Doc. No. 7, at p. 2]. On March 23, 2026 and June 26, 2026, Petitioner received a bond hearing before an immigration judge, at which he was found to be a flight risk. *Id.* He is currently detained at Cimarron Correctional Facility in Cushing, Oklahoma. [Doc. No. 1, at p. 1].

Petitioner challenges his re-detention by the ICE on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining him (*i.e.* arrested him without a warrant or failed to issue him a Notice to Appear), and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226. *Id.* Respondents filed a Response in Opposition. [Doc. No. 7]. The matter was referred to United States Magistrate Judge

Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

Judge Erwin issued a Report and Recommendation ("Report"), in which he recommends that the Court deny Petitioner's habeas petition. [Doc. No. 8]. In the Report, Judge Erwin concludes that the Petition warrants denial because Petitioner has received two bond hearings before an immigration judge, at which he was found to be a flight risk. *Id.* at p. 2, 9. Moreover, Judge Erwin determined that the Court should deny the Petition because ICE served Petitioner with a warrant when they re-detained him. *Id.* at p. 6-7.

In the Report, Judge Erwin notified Petitioner of his right to file an objection to the Report on or before July 28, 2026, and that the failure to object waives Petitioner's right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Moreover, Respondents were informed of their right to respond to any objection to the Report on or before July 31, 2026.

Upon review of the file and noting no timely objection to the findings and recommendations of Judge Erwin pursuant to 28 U.S.C. § 636(b)(1), the Court **ADOPTS** the Report [Doc. No. 8] in its entirety.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 8] is **ADOPTED**, and the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 21dt day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE